[Civ. No. 7679. First Appellate District, Division One.—October 1, 1931.]

THOMAS GRADY et al., Respondents, v. LEONARD LUY, Appellant.

Halverson & Halverson and George Halverson for Appellant.

Leland J. Allen for Respondents.

PARKER, J., *pro tem.*—This is an appeal from a judgment for the plaintiffs in an action brought to recover damages for alleged fraudulent misrepresentations and deceit in an executory contract of purchase and sale of real estate.

The defendants were husband and wife; the defendant Mary Luy deceased prior to trial and the action as against her was dismissed. The defendants were the owners of certain property located in the county of Los Angeles. From the record before us, and the fact is admitted, this property was adjacent to a wash or arroyo, which said feature would naturally detract from both the appearance and salability of the said property. The defendants had mapped out this property and subdivided the same for sale and in response to advertisement the plaintiffs entered into negotiations for the purchase of certain of the lots embraced within the subdivision. Upon viewing the lots the first thing that plaintiffs noticed was this adjacent wash and the obvious danger of floods and torrents. At the same time there was located in the wash a sand separator, the result of the operation of which would naturally be to deepen the channel and cut out the banks. These two things apparently halted negotiations and lessened the interest of the prospective purchasers. Thereupon defendants represented to plaintiffs that the wash in question, though formerly owned by defendants, had been deeded and transferred by them to the county of Los Angeles, a branch of government, whose duty it was to protect the lands, and that such protection would be given as would remove all source

of danger; further, defendants assured plaintiffs that the sand separator then present would be removed and the county would permit no other separator to be installed or to operate in the wash; and further, defendants represented to plaintiffs that no other separator or similar machine would ever be permitted to operate in the wash. The truth was that defendants had deeded the wash to no person but remained the owners thereof. The plaintiffs, relying upon the representations thus made, entered into the contract of purchase and erected improvements on the property. Subsequently the defendants deeded the property described as the wash to a third person, who for a period of some three months operated thereon a sand separator. The working of this separator undermined the lands of plaintiffs adjacent to the wash, as a result of which a portion of the said lands was washed away and destroyed.

Upon this state of facts the trial court rendered judgment in favor of plaintiffs for the sum of $750, found to be the damage to the lands through the washing away of a portion thereof. It may be here further noted that the trial court found upon sufficient evidence, not here disputed, that the plaintiffs relied upon the representations as made; that the same were false and intended to deceive the said plaintiffs and that, without reliance upon said representations, the contract would not have been made by them.

Appellant urges at the outset that no material misrepresentations appear to have been made; that the allegation of ownership in the county of Los Angeles was immaterial and could in nowise have been a factor in the negotiations. To some extent this argument seems persuasive, yet, coupled with the statement of ownership in the county was the statement that the ownership was not in the defendants. The courts have never attempted to draw any hard-and-fast lines differentiating a material misrepresentation for one immaterial, nor is there any definite line of demarcation between matters of mere opinion and matters of representation. Whether or not a representation or misrepresentation is material would and does depend largely upon the attendant circumstances of each particular case.

Analyzing the representation here discussed, there is included therein some concealment of what might be a governing factor in the sale. The question of the wash and its

potential danger was a matter of prime importance to the prospective purchasers. The seller falsely stated that the ownership was not in him, but that it was in a public governmental agency, to wit, the county of Los Angeles; that by reason of such ownership, and as a fact represented, this agency would protect the lands from overflow and would also prohibit the placing of any separators or gravel crushers in the wash. Under the conditions existing this representation became material through the fact of defendant's ownership. The representation was not entirely as to ownership, but explicitly to the fact that defendants themselves had deeded the property to the county and carried the fair implication that the conveyance, of which they would have knowledge, evidenced the duty and liability of the grantee. Further, the title being in a governmental agency implied the right of the plaintiffs to protest against a harmful use and to appear and urge such remedial measures as might be deemed necessary for the protection of the land. And it seems readily apparent that the untruth must have been told for a purpose. Defendants knew of the existing menace to the property sought to be sold, and this representation was made solely for the purpose of expediting the negotiations through giving to plaintiffs a sense of security. In *Wells* v. *Zenz,* 83 Cal. App., at page 140 [256 Pac. 484], it is said: "Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and unfair ways by which another is deceived. . . . The statutes of California expressly provide that the suppression of a fact by one who gives information of other facts likely to mislead for want of communication of the fact concealed is deceit (Civ. Code, sec. 1710), and any other act fitted to deceive is actual fraud. (Civ. Code, sec. 1572.) "

Appellant urges further, in this connection, that the fact of a transfer having been made was ascertainable from the public records and that it was plaintiffs' duty to consult these records rather than to accept the statement of defendants. The fact is that such a transfer was never made. The absence of a record thereof would not conclude the inquiry inasmuch as there is no law requiring the recordation

of such an instrument and nonrecordation would not be conclusive of the fact that no such transfer had been made.

The next ground urged by appellant concerns the question of damages. The complaint alleged the operation of the separator and counted upon the disturbance created thereby and the inconvenience resulting to plaintiffs, coupled with injuries to the health of plaintiffs. The trial court found against this claim of damage. There was, however, the general allegation in the complaint that, by reason of the acts complained of, a general damage had been suffered, though the elements of this damage were not specifically pleaded.

The court found that the sand separator was operated for a period of three or four months after January 3, 1927; the complaint was filed on February 21, 1927. It is appellant's contention that the damage accrued after the filing of the complaint and, there being no supplemental pleading, the finding was without the issues and was likewise for damage accruing after the filing of the complaint. There was still a period of approximately two months of operation prior to the filing of the complaint and the presumption would follow, in the absence of any contrary showing, that the damage accrued before the filing of the complaint, if such a presumption were necessary to uphold the judgment. The complaint alleged the installation and operation of the rock crusher and sand separator and further alleged that by reason thereof plaintiffs had been damaged. In the absence of any demurrer, issue being joined, the allegations were sufficient to support a finding as made, without an allegation especially detailing each item of damage.

Finally, appellant complains that the trial court adopted the wrong measure of damages; that the true measure of damage is the difference between the actual value of the premises and what the value would have been had the representations been true. However, conceding that to be the rule, its application works out consistent with the judgment. It is obvious that the actual value of the land which was destroyed and washed away totaled nothing. The finding of the court that its actual value at the time of the washing out was $750 meets the requirements of the rule by implication. Diagraming the thought, the actual value of the land received was nothing; if the representations had

been true, the land would have been retained to the vendees and would have been of the value of $750. Reference, in this connection, is made to the case of *Gordon* v. *Perkins,* 36 Cal. App., page 92 [171 Pac. 698], wherein it is said: "We can conceive of no similar case where the damage to the whole would be less than that to a portion; and if this be true, how can the defendants be heard to complain?"

Summing up, we find that plaintiffs elected to stand upon the contract rather than to seek a rescission. They sought, as they were entitled to do, damages for the loss inflicted upon them through the deceit practiced by the defendants. From the evidence adduced and the findings of the trial court thereon, it is apparent that they received only a portion of that which they were induced to buy in reliance upon the misrepresentations made. It cannot be gainsaid that the physical destruction of the property caused a loss to plaintiffs. The entire negotiations surrounded the question of the wash and the sand separator and when plaintiffs, relying upon the assurances of defendants as hereinbefore set forth, purchased the property, it would seem an unusual precedent to hold that the property could be destroyed by agencies assured against and no relief given to the plaintiffs. It is conclusively shown that defendants deliberately falsified the conditions existing, thereby inducing the contract and that, by reason of the falsity of these representations, the plaintiffs have been damaged as found.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 31, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1931.