[Civ. No. 641. Fourth Appellate District.—January 26, 1933.]

H. JARVIS et al., Respondents, v. CHARLES E. SINGLE-TON et al., Appellants.

U. F. Lewis and Fred A. Wilson for Appellants.

Sarau & Thompson and Robert E. Nelson for Respondents.

MARKS, J.—This action went to trial upon the allegations of a second cause of action of a complaint wherein damages were alleged to have resulted from fraudulent representations of appellants concerning the condition of the title to real property in Riverside County, sold to respondents. Judgment was rendered in favor of respondents, from which this appeal is taken.

Appellants were the owners of lots 122 to 127, inclusive, in block 7 of the Kadota Fig Groves in Riverside County. The deed contained the following recitals: "Subject to second installment of taxes for fiscal year 1928–29. Usual rights of way, covenants and restrictions as now of record." At the time of the sale there was a way across the property which had been in use for many years and was finally determined to be an easement. The existence of this way as an easement furnished the basis for the recovery of damages by respondents.

The evidence discloses that the respondents possessed little education, were without experience in the purchase of farming lands, had no independent advice in the purchase of the property, and relied upon the representations made by appellants in the course of the negotiations concern-

ing the road and right of way on and around the property. They saw the way across the property and inquired of appellants concerning it and were told that "it was nothing but a path that people took liberty to take and travel over. . . . They said it didn't matter; we could just go ahead and plow it up if we wanted; just as quick as we bought it we could plow it up and put down our building. . . . Plow it up, put wires across or board fence,—anything; that it didn't mean anything. . . . They said it was their property, they (persons using it) would have to take the road where they would make it for them. They told me that themselves. . . . Mr. and Mrs. Singleton told us to close the road, plow it up, stretch wires, plow it deep."

To further lull the fears of respondents concerning the way across the property, appellants showed them a subdivision map upon which "Condit Avenue" was marked along the boundary of the property in question, with no right of way shown across it. A surveyor employed by appellants staked Condit Avenue. They told respondents that Condit Avenue was the road along the property which they could open and compel others to use, instead of the way in question, which they could close.

Respondents testified that they believed and relied upon these representations and as a result purchased the property. It subsequently developed that the way had been used adversely for many years and was an easement with which they could not interfere.

Appellants urge that the following finding is contrary to and is unsupported by the evidence:

"That so far as is manifest by the terms of said grant, the plaintiffs took said real property subject only to the second installment of taxes for the fiscal year 1928–29 and usual rights of way, covenants and restrictions then of record, but plaintiffs actually took said real property subject to the easement or right of way hereinafter mentioned."

If we correctly understand appellants' arguments, they are based upon the fact that the deed expressly provided that the land conveyed was subject to taxes and "usual rights of way, covenants and restrictions as now of record". From this they argue that evidence of the easement across the property could not be received as it should be barred under the extrinsic evidence rule. This con-

tention has been decided adversely to them in the case of *Ferguson* v. *Koch*, 204 Cal. 342 [268 Pac. 342, 345, 58 A. L. R. 1176], where it was said:

"Parol evidence is always admissible to prove fraud, and it was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud. Hence, the fact that the sale of an automobile is evidenced by a written contract will not prevent the purchaser from prov-'ing by parol evidence that the sale was induced by fraud. And this is true even though the contract recites that all conditions and representations are embodied therein. (*Mooney* v. *Cyriacks*, 185 Cal. 70 [195 Pac. 922]; *Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730]; *Whiting* v. *Squeglia*, 70 Cal. App. 108 [232 Pac. 986], *supra*.) There is no such sanctity surrounding a writing that parties may not be permitted to go back of it and show that there was such fraud practiced in the procurement of the same as to vitiate the writing. The law never countenanced a rule which would deny to one the right to prove that fraud had been practiced upon him."

Appellants next urge that there is neither pleading nor proof of a fraudulent intent upon their part. It is alleged that the representations were false and fraudulent and were known by appellants to be false and fraudulent, and were made "for the purpose of inducing plaintiffs to purchase said real property" and "for the purpose of inducing said plaintiffs to consummate the purchase of said real property". This is a sufficient allegation of intent to deceive. An intent to deceive may be proved by circumstantial evidence and may be deduced from the circumstances of the case.

"As the representations were made prior to the transaction and directly related to it, it must be presumed that they were made for the purpose and with the design of inducing plaintiffs to enter into the contract." (*Eichelberger* v. *Mills Land etc. Co.*, 9 Cal. App. 628 [100 Pac. 117, 120].)

It is next urged that the representations were as to a matter of law and not of fact. Of course, the question of whether or not the way across the property had ripened into an easement by adverse use over a period of years, involved a conclusion that the law draws from proven facts.

The false representation in this case went to the fact that no right of way existed over the property. While it involved a question of law, the representation actually made was as to the nonexistence of a fact. In similar cases such representations have been held to be sufficiently representative of a fact to support a judgment for damages (*Hargrove* v. *Henderson*, 108 Cal. App. 667 [292 Pac. 148]; *Jackson* v. *Meinhardt*, 99 Cal. App. 283 [278 Pac. 462]; *Grady* v. *Luy*, 117 Cal. App. 292 [3 Pac. (2d) 577]).

■ Appellants maintain that finding number six is not supported by the evidence. This finding concerns false representations made by them. They summarize the portions which they contend are not supported by the evidence as follows: "a. That the roadway was not a public road or private right of way. b. That the roadway no longer existed. c. That it would be proper to plow up the roadway." Subdivision "b" is not a fair summary of any portion of the finding. It is clear that the court intended to find that appellants represented not that the road *no longer existed*, but that it never was a public road or an easement. We have already quoted sufficient evidence to support this finding. It is true that there is a conflict in the evidence on the facts found. We are not concerned with conflicts here. They are addressed to the trier of fact and his conclusion on what portion of the testimony is true, is conclusive on appeal.

■ Appellants urge that as respondents saw the roadway crossing the property and knew that others used it, they were not entitled to rely upon the false representation that it was neither a public road nor a private right of way. Their knowledge of these facts is admitted. They did not know that lapse of time had ripened the use into an easement. They did not know how long the way had been used. These facts were known to appellants and concealed by them. In *Shermaster* v. *California Bldg. etc. Co.*, 40 Cal. App. 661 [181 Pac. 409, 411], it was said:

" 'One who makes statements false in fact, and induces another to buy property, cannot defeat liability for the false statements by showing that if the other party had suspected him of falsehood or doubted the accuracy of the statements, such party, by ordinary diligence and by inquiry of persons whom he knew to be cognizant with the truth,

could have learned of the accuracy or falsity of the statements.' (*Spreckels* v. *Gorrill*, 152 Cal. 395 [92 Pac. 1017].)

" 'One party to a contract is under no obligation to investigate and verify the statements, to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith.' (*Dow* v. *Swain*, 125 Cal. 674 [58 Pac. 271].) ''

It is not necessary to consider the other points presented by appellants.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.