[Civ. No. 6974. Fourth Dist. Oct. 14, 1963.]

MAX De ZEMPLEN et al., Plaintiffs and Appellants, v. HOME FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Defendants and Respondents.

198

Medoff & Kallman and Paul Kallman for Plaintiffs and Appellants.

Higgs, Fletcher & Mack, Edward M. Wright and James B. Abbey for Defendants and Respondents.

BROWN (Gerald), J.— Plaintiffs have appealed from a judgment entered after the court sustained general demurrers and special demurrers without leave to amend for uncertainty of defendants and respondents Home Federal Savings and Loan Association (hereinafter called Home Federal) and Land Title Insurance Company (hereinafter called Land Title) to plaintiffs' second amended complaint.

Home Federal is charged in the fifth and sixth causes of action with negligent misrepresentation, and in the eighth cause of action with estoppel. Land Title is charged in the seventh cause of action with negligent misrepresentation and in the eighth cause of action with estoppel. The remaining causes of action relate to other defendants.

In ruling on the demurrer on the ground that a plead-

ing does not state facts sufficient to constitute a cause of action, the trial court is bound by the following rules: On appeal all allegations of the complaint are regarded as true in the face of the demurrer, and it is assumed that the plaintiff can prove the facts as alleged. (*Wirin* v. *Horrall*, 85 Cal.App.2d 497, 500-501 [193 P.2d 470].) A reasonable interpretation of the pleadings is required, reading them as a whole, and construing each part in context. Construction is to be liberal with a view to substantial justice between the parties, which is not accomplished by technical forfeitures precluding trial on the merits. (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 42 [172 P.2d 867]; Code Civ. Proc., § 452.) [4] A pleading of facts entitling the plaintiff to some relief is all that is necessary as against a general demurrer. (*Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 288 [295 P.2d 113].)

 "While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms." (*Buxbom* v. *Smith*, 23 Cal.2d 535 [145 P.2d 305].)

 The complaint in question may be summarized in part as follows: On December 22, 1959, defendants Schreiber agreed in writing to exchange their encumbered real property for De Zemplens' boat. The real property was an apartment building and appurtenances which were to be completed in compliance with construction loan specifications and delivered free and clear of all encumbrances except a first trust deed of $106,505 and a second trust deed for $10,000. At the time of the written agreement, the apartment building was not complete and certain construction costs were unpaid. It was orally agreed that a third person would keep the keys and title to De Zemplens' boat until the apartment building was completed according to the specifications and De Zemplens received full consideration under the agreement. On December 21, 1959, Schreibers had falsely, fraudulently and with intent to deceive, represented to De Zemplens that the apartment building had been completed according to the specifications of the construction loan made by defendant Home Federal. There also remained to be completed things such as the installation of television antennae, a swimming pool, landscaping and carpeting, parking area, sidewalks, curbs and alleys, all of which Schreibers represented would

be completed at their expense. Many of these items were not completed and paid for, nor was the apartment building completed according to specifications of the building construction loan, failing to comply in several designated particulars. De Zemplens acted unknowingly and in reliance on these false and fraudulent representations, entering into the written agreement which resulted in their damage, including loss of the boat when the third person improperly released it. On December 21, 1959, Home Federal's agent made false representations without reasonable grounds for believing them true, all of which plaintiffs relied upon to their damage. These representations were: (1) The apartment building was completed according to the building loan specifications. (2) ". . . plaintiffs would not suffer monetarily if they proceeded with the exchange of properties as aforesaid because there was an indemnity fund, as a result of the indemnity agreement between defendant Schreiber as indemnitor and defendant Land Title Insurance Company as indemnitee, which fund would be available for the use and benefit of the plaintiffs in the event mechanic's liens were filed against said real property or other loss resulted because of defendant Scheiber's failure to complete and pay for the construction work still going on at the site of said real property." Afterwards, on the same date, plaintiffs asked Land Title's agent if an escrow should be instituted and a new policy of title insurance issued. Land Title's agent represented that a new policy of title insurance would be unnecessary, since if any liens were filed against the property for work still going on, the indemnity agreement would be sufficient. This representation was false and Land Title's agent had no reasonable grounds for believing it true. Plaintiffs relied and acted on this representation which was made with intent that they do so, and were damaged when the indemnity agreement was not made available to them to cover the loss. In addition to the foregoing allegations of negligent misrepresentation, estoppel was alleged against both Home Federal and Land Titile as follows:

"That the defendants herein ought not to be permitted to say that the indemnity agreement and the funds and benefits therefrom do not run in favor of the plaintiffs for the reason that defendants knew said agreement would not benefit in any way the plaintiffs, and that defendants intended their conduct to be acted upon by the plaintiffs and plaintiffs did so act thereon. That plaintiffs were ignorant of the true facts,

that said indemnity agreement wouldn't run in their favor and that plaintiffs relied thereon to their injury and damages as aforesaid.''

The following contentions of Home Federal and Land Title are considered:

■ Home Federal's first assertion is that the alleged representation by their employee was a statement of a conclusion of law and not such a misrepresentation of fact as is actionable. It is contended that misrepresentations as to matters of law cannot be the basis of suit. *Seeger* v. *Odell*, 18 Cal.2d 409 [115 P.2d 977, 136 A.L.R. 1291], is cited for this rule. In this case, however, the court also said:

"If ... the opinion or legal conclusion misrepresents the facts upon which it is based or implies the existence of facts which are nonexistent, it constitutes an actionable misrepresentation.''

Here, appellants alleged that Home Federal's employee falsely represented to them that there was an indemnity agreement between defendants Schreiber and Land Title which would protect appellants against mechanic's liens. Such a representation involves a mixture of facts and law and it is impossible to determine from the pleading that it is solely a question of law. A similar problem was considered in the case of *Jarvis* v. *Singleton*, 129 Cal.App. 250, where the court said at page 253 [18 P.2d 382]:

"It is next urged that the representations were as to matter of law and not of fact. Of course, the question of whether or not the way across the property had ripened into an easement by adverse use over a period of years, involved a conclusion that the law draws from proven facts. The false representation in this case went to the fact that no right of way existed over the property. While it involved a question of law, the representation actually made was as to the nonexistence of a fact. In similar cases such representations have been held to be sufficiently representative of a fact to support a judgment for damages.''

It would appear that the alleged representation is actionable within the rules stated in the above cited cases.

■ Home Federal contends that its representation concerning the indemnity agreement could not be relied upon by plaintiffs when they could have ascertained its true legal effect in the meeting with Land Title's agent. The question and extent of reliance is generally one of fact. (*Lerner* v.

*Riverside Citrus Assn.*, 115 Cal.App.2d 544, 549 [252 P.2d 744].) Moreover, there would be nothing to preclude plaintiffs from relying on both the representations of Home Federal and the representations of Land Title which were substantially the same. (*Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].)

It is urged by respondent Home Federal that the complaint is defective, in that it affirmatively shows that the appellants did not rely upon the indemnity agreement, since there is an allegation that they required other security for the completion of the building. A reading of the complaint compels a conclusion that appellants there stated that they relied on both the indemnity agreement and the escrow agreement. Whether these allegations will be proven by the evidence adduced at the trial, we cannot now say. We must assume on appeal from a judgment sustaining a demurrer that plaintiffs can prove all of the facts as alleged. (*Jones* v. *American President Lines, Ltd.* 149 Cal.App.2d 319, 322 [308 P.2d 393].) Tested by this rule, the complaint is sufficient with regard to this claimed defect.

Home Federal's next contention is that plaintiffs failed to allege reliance on any representations concerning the completion of the apartment building according to specifications. It is alleged by way of incorporation by reference that: ''The plaintiffs relied . . . upon the aforesaid representations of defendant Land as to the indemnity fund, and the nonnecessity of another policy of title insurance.'' While reference is to representations concerning the indemnity fund, not completion of the apartment building according to specifications, the allegation is clearly intended to plead reliance. Further, the allegation is incorporated into the sixth cause of action. The sixth cause of action relates solely to representations concerning the completion of the apartment building according to specifications, while the fifth cause of action relates solely to representations concerning the indemnity agreement. Thus, taken in the context of the cause of action to which it relates, we cannot but conclude that reliance is adequately alleged under the rules favoring liberal construction.

Respondent Home Federal's next contention is that the appellants have affirmatively pleaded that they, in fact, knew that the subject building was not completed before they

entered into the contract and that this allegation is inconsistent with appellants' sixth cause of action. A reading of the sixth cause of action shows that it is based upon the alleged misrepresentation by an agent of Home Federal that the building was *completed according to specifications*. Respondent Home Federal urges that since appellants admit in their complaint that they knew that the parking, swimming pool, landscaping and carpeting were not installed, they knew that the building was not completed. Appellants point out that the language of the allegation refers to the quality of the existing construction, i.e., the foundation, framing, plumbing, plastering and roofing and not to the degree of completion of the entire project. Webster's International Dictionary (2d ed.) supports this interpretation. The fourth definition for specifications is: "Arch. & Engin. A written or printed description of work to be done, forming part of the contract and describing qualities of material and mode of construction, and also giving dimension and other information not shown in the drawings."

Words, at best, are inexact tools, but appellants' interpretation of the words used here appears to be justified. If the word "constructed" were substituted for the word "completed," perhaps this meaning would be clearer, but absolute perfection in describing all of the details of the transaction is not expected or attainable. If the complaint is free from reasonable doubt, it cannot be attacked even by special demurrer. (*Whitehead* v. *Sweet*, 126 Cal. 67 [58 P. 376].)

"All that is required of a plaintiff, as a matter of pleading, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent of his cause of action." (*Dunn* v. *Dufficy*, 194 Cal. 383, 391 [228 P. 1029].)

Appellants' sixth cause of action meets this test, since it shows that they are relying upon a misrepresentation that the building was completed (or constructed) according to specifications.

Respondent Land Title first argues that there was no abuse of discretion in sustaining the demurrers without leave to amend by implying that the court had grounds to distrust the plaintiffs' good faith when plaintiffs allegedly changed their theory of pleading in the second amended complaint. Without deciding whether there was a change of theory in the pleadings, suffice it to say, that Land Title's speculation

as to what might have motivated the trial judge's decision is not persuasive.

Both Land Title and Home Federal urge that it is necessary for appellants to plead a contractual relationship or privity of contract to maintain an action for negligent misrepresentation. They cite such authority as *Podlasky* v. *Price,* 87 Cal.App.2d 151 [196 P.2d 608]; *Mason* v. *Drug, Inc.,* 31 Cal.App.2d 697 [88 P.2d 929]; and *Camm & Hedges Co.* v. *Bank of Covelo,* 208 Cal. 246 [280 P. 962]. An examination of the latter case indicates that the court did not hold that privity was necessary for a cause of action based upon negligent misrepresentations. The court was discussing the question of liability for breach of contract when it observed that there was no consideration to support the promise and therefore there was no liability.

Restatement of Torts, section 552, defines liability for negligent misrepresentation as follows:

"One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if

"(a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

"(b) the harm is suffered

"(i) by the person or one of the class of persons for whose guidance the information was supplied, and

"(ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

Nowhere in the section or in the comments appended thereto is there any mention of any necessity for privity of contract before liability can be imposed. Comment (c) says in part:

"Such information is usually given for a consideration paid either by the person who acts in reliance upon the information or by a third person who to the informant's knowledge intends to transmit it to others for their guidance in dealings with the third person. However, if the informant gives information in his business or professional capacity, the rule stated in this Section applies although it is furnished gratuitously."

This section was cited with approval in the case of *Gagne*

v. *Bertran*, 43 Cal.2d 481, 488 [275 P.2d 15], and is quoted in the case of *Hawkins* v. *Oakland Title Ins. & Guar. Co.*, 165 Cal.App.2d 116, 125 [331 P.2d 742]. The limitations there clearly stated are that the defendant must intend that the plaintiff rely on the information and the plaintiff must rely on the information to his detriment. To impose an additional limitation that the parties must be in privity of contract with each other would serve no useful purpose. Indeed, it would release from liability those whose representations are most often believed to be true because not affected by obvious motives of self interest.

The factors to be considered in determining whether a defendant should be held liable to a third person not in privity were listed in the case of *Biakanja* v. *Irving*, 49 Cal.2d 647, 650 [320 P.2d 16, 65 A.L.R.2d 1358]. Among those listed were the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct and the policy of preventing future harm. Here, the purpose of the conduct of the defendants Home Federal and Land Title was to assist the Schreibers to sell their property to the plaintiffs. Home Federal was certainly aware of the quality of the construction of the building and Land Title was a party to the indemnity agreement and fully aware of its provisions. It is alleged that under these circumstances they made statements to plaintiffs which were false and which induced plaintiffs to enter into a contract to purchase the property. Because of the deficiencies and errors in the information furnished by these defendants, a condition arose in which the plaintiffs lost valuable property. Conduct such as is alleged against the defendants Home Federal and Land Title should not be encouraged and protected by immunity from civil liability as would be the case if the plaintiffs, who were the only persons suffering a loss, were denied a right of action for negligent misrepresentations.

 Respondent Land Title argues that negligent misrepresentations must be willfully made before they can be actionable. However, the case of *Gagne* v. *Bertran, supra,* 43 Cal.2d 481, 487, states:

"To be actionable deceit, the representation need not be made with knowledge of actual falsity, but need only be an

'assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true.' " In a footnote on page 488, the court said:

"Under this section [1709] of the Civil Code the intent required to prove a cause of action for deceit is an intent to induce action. An 'intent to deceive' is not an essential element of the cause of action. . . ."

■ Respondents next argue that estoppel, standing alone, does not constitute a cause of action for which relief may be afforded. In the recent case of *Drennan* v. *Star Paving Co.*, 51 Cal.2d 409, our Supreme Court said, at page 413 [333 P.2d 757]:

"Section 90 of the Restatement of Contracts states: 'A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' This rule applies in this state." Even more recently, in the case of *Morrison* v. *Home Savings & Loan Assn.*, 175 Cal.App.2d 765 [346 P.2d 917], it was said that promissory estoppel is a theory of recovery which is recognized by the law of this state. Such a recovery will be allowed where injustice can be avoided only by enforcement of the promise, this usually occurring where the plaintiff has made a complete and substantial change of position in reliance on the promise. In such circumstances, relief by way of enforcement of the promise will be granted. ■ One difficulty, however, appears respecting appellants' eighth cause of action. It incorporates by reference appellants' fifth and sixth causes of action which alleged misrepresentations by the agent of Home Federal. In the prayer, appellants seek to enforce the promises of Home Federal and Land Title that appellants would be protected under the indemnity agreement. It does not clearly appear that Home Federal is a party to the indemnity agreement and therefore estopping them to deny that appellants are entitled to protection under the agreement would be of little avail. Evidently appellants intended to estop the parties to the indemnity agreement from denying that appellants were to be protected thereunder. It appears that the parties to the agreement are the defendants Schreiber and Land Title. The seventh cause of action contains allegations

that these defendants promised appellants that they would be protected under the indemnity agreement. Therefore, it would appear that the eighth cause of action should be amended by striking the reference there to the appellants' fifth and sixth causes of action and inserting a reference to the seventh cause of action and that appropriate amendments should also be made in the prayer.

Judgment reversed. The trial court will designate a reasonable period of time after the remittitur is issued during which appellants may amend their eighth cause of action in accordance with the views stated herein.

Griffin, P. J., and Coughlin, J., concurred.